[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a limited contested dissolution of a marriage which occurred between the parties on October 13, 1984 in Ridgefield, Connecticut. The plaintiff has resided continuously in this state for twelve (12) months preceding the filing of this action. There are no minor children issue of this marriage nor have any minor children been born to the wife since the date of the parties' marriage. Neither party is receiving financial assistance from the State of Connecticut. CT Page 13133 From the evidence presented at trial if appears that the parties' marriage has broken down irretrievably and a dissolution of their marriage may enter on those grounds.
The plaintiff husband is 46 years of age and in good health. He is employed as a professional pilot, now with Federal Express. His earnings from employment as a first officer, including some overtime, are approximately $123,000 per annum. At the time of trial he was substantially through his training for his bid for a captain's position which would increase his hourly wage by approximately $30 on his 84 to 90 monthly flight hours.
The defendant wife is 35 years of age and has some health problems exhibited by dizziness for which she takes prozac. She has a 1982 bachelor's degree in anthropology from the University of Florida. Prior to the marriage she had worked as a flight attendant for Capitol Airways. At the time of the marriage her employer was in bankruptcy. During the marriage Mrs. Zeiger worked on a part-time, fill-in basis in a clothing store at the local mall. With the exception of a difficult financial period in the mid-1980s when the husband requested that the wife obtain employment, he preferred that she not work so that she would be available when he was not flying. The wife would now like to move south, preferably to Kentucky and pursue a master's degree in education or sociology.
At the time of the marriage, the husband had approximately $5,700 in an IRA and owned three acres of land in Ridgefield on which he was then in the process of building a house. In 1983, the value of the acreage was $81,000. (See plaintiff's Exhibit 2). The plaintiff purchased a post and beam kit for approximately $35,000 which provided the materials for the construction of the house shell. Although some labor was also included, the plaintiff himself performed approximately 85% of the labor to construct and finish the home. By the time of the marriage in October of 1994, he had invested approximately $67,000 in site preparation, foundation, masonry, heating, plumbing, insulation, flooring, cabinetry and other expenses to construct the home within the kit shell.
Currently, the husband's financial affidavit reflects a value of $275,000 for the house and land. This is subject to a first mortgage of $98,554 and a second mortgage of $21,652. The balance of the second mortgage reflects the purchase of the GMC Yukon which the wife drives, valued at $22,000. CT Page 13134
The court has considered all of the criteria of §§ 46b-81
and 46b-82 of the General Statutes, together with the provisions of § 46b-62 and the evidence and the case law and makes the following findings:
1. The defendant is in need of rehabilitative alimony due to her lengthy absence from the work force and her need to obtain further education.
2. The plaintiff's earning capacity and opportunities for the acquisition of assets in the future is superior to that of the defendant.
3. The plaintiff's contributions to the acquisition, preservation and appreciation of the Ridgefield property were substantial particularly considering his "sweat equity" involved.
4. Fault in the breakdown of the marriage is not assigned in any greater degree to either party.
5. The court has jurisdiction of the parties and the allegations are proven and true.
Based upon all of the foregoing, the court enters the following orders:
1. The husband shall pay to the wife, as periodic alimony, the sum of $500 per week, payable until the death of either party or the wife's remarriage or a period of five years. This order shall be subject to an immediate wage execution payable directly to the defendant, or if the parties agree and submit to the court the appropriate documentation, a contingent wage execution. This award is nonmodifiable by the wife as to amount or term.
2. The plaintiff's stocks, bonds and mutual funds including his four accounts at Dreyfus, his Federal Express stock, and his Fidelity, Invesco, Schwab, Scudder and Vanguard accounts totalling approximately $51,000 shall be divided equally between the parties.
3. The plaintiff's Federal Express profit sharing/savings plan shall be equally divided between the parties and a Qualified Domestic Relations Order shall issue to transfer to the defendant her one-half share of same. The court will retain jurisdiction of CT Page 13135 this matter until the transfer has been accomplished.
4. The defendant shall be entitled to one-half of the plaintiff's retirement benefits acquired during their marriage and a Qualified Domestic Relations Order shall issue to transfer to the wife her one-half interest in such benefits. The court will retain jurisdiction of this matter until the transfer has been accomplished.
5. Each party shall retain her or his respective IRA account.
6. The plaintiff shall be entitled to all right, title and interest in the corporation known as Spruce Ridge Equipment.
7. The plaintiff shall be entitled to his one-half interest in the power boat.
8. The plaintiff shall transfer to the wife all right, title and interest in the 1994 GMC Yukon automobile.
9. The plaintiff shall designate the defendant as the beneficiary of $130,000 of life insurance, said designation to continue until his obligation to pay alimony has terminated. The plaintiff shall be entitled to any cash value of his life insurance.
10. The plaintiff shall cooperate fully with the defendant if she wishes to convert her existing medical coverage under COBRA. The cost of such coverage shall be the responsibility of the defendant.
11. The plaintiff shall be entitled to all right, title and interest in the Ridgefield property and shall be responsible for all expenses of same including the first and second mortgages.
12. By way of lump sum property settlement, the plaintiff shall pay to the defendant within thirty (30) days of the date of this decision the sum of $25,000.
13. The defendant shall be entitled to the horse and horse trailer. The court will retain jurisdiction in the event the parties cannot agree on the division of any other personal property and/or pets.
14. It is further ordered that the defendant's maiden name of CT Page 13136 Leslie O'Sullivan is hereby restored.
15. The court has considered the other financial awards in this case and based upon same, each party shall be responsible for his or her respective counsel fees.
Dennis, J.